**STATE of Missouri, Plaintiff–Respondent,**

v.

**Terri J. REVALEE, Defendant–Appellant.**

No. 67871.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 16, 1996.

John M. Schilmoeller, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Breck K. Burgess, Assistant Attorney General, Jefferson City, for Respondent.

*ORDER*

Before KAROHL, P.J., and PUDLOWSKI and CRANDALL, JJ.

PER CURIAM.

Terri J. Revalee (defendant) appeals after a jury trial, conviction and sentencing on a charge of receiving stolen property. Section 570.080 RSMo 1986.

The preserved factual dispute is whether defendant was coerced into making a self-incriminating statement to police officers. She filed a motion to suppress and objected to the admission of her statement that she was aware she possessed two items of stolen personal property. This admission represented the only available proof of her knowledge.

■ The sole claim of error is the trial court erred in failing to suppress her statement and allowing its admission. She claims the statement was the product of an inherently coercive interrogation, induced by false promises that she would not go to jail and

would be free to leave without criminal charges filed.

This claim is without merit because the police officer testified he advised defendant of her *Miranda* rights and did not make any deals or promises to obtain a statement. He testified he informed her he could not make any deals and only the prosecuting attorney for the county could decide whether or not to file charges. The court believed the officer's version of the event.

Admitting or excluding defendant's statement became a question of fact for the trial court. The trial court determines credibility of witnesses. *State v. Villa–Perez*, 835 S.W.2d 897, 902 (Mo. banc 1992). We are bound to affirm the trial court's decision if there is evidence sufficient to support its findings. *State v. Burkhardt*, 795 S.W.2d 399, 404 (Mo. banc 1990).

We affirm.